IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Cr. No. 08-045ML |
| | ) | |
| | ) | |
| DOLORES RODRIGUEZ LAFLAMME | ) | |

GOVERNMENT'S PROPOSED INSTRUCTIONS

The United States of America proposes the attached jury instructions in addition to the general instructions.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On July 3, 2008, I caused the within "Government's Proposed Jury Instructions" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Arthur Chatfield
236 Broadway
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CONSPIRACY

Defendants are accused of conspiring to commit identity fraud. It is against federal law to conspire with someone to commit this crime.

For you to find the defendants guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the conspiracy charged in the indictment existed between at least two people to produce and transfer identification documents produced without lawful authority;

Second, that the defendant willfully joined in that agreement; and,

Third, that at least one of the conspirators committed an overt act during the period of the conspiracy to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The

government must prove two types of intent beyond a reasonable doubt before defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. It is not necessary that the government prove all of the names of the defendant's co-conspirators, but it is necessary that the government present evidence of an agreement between two or more persons. The essence of a conspiracy is the existence of the conspiracy agreement, not the identity of those who agree.

Even if defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators

in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, §§ 4.18.371.

CONSPIRACY - MINOR PART

A defendant may be convicted as a conspirator even though he may have played only a minor part in the conspiracy.

See Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig & Lee, § 31.05.

IDENTITY FRAUD
UNLAWFUL PRODUCTION OF AN IDENTIFICATION DOCUMENT

The defendant is charged in [Count _____ of] the indictment with knowingly and without lawful authority producing an identification document in violation of Title 18, United States Code, Section 1028(a)(1). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly produced an identification document;

Second, when the defendant produced an identification document, authentication feature, or false identification document, the defendant did so without lawful authority;

Third, the production of the identification document was in or affected interstate or foreign commerce or the identification document or false identification document was transported in the mail in the course of the unauthorized production.

The term "identification document" means a document made or issued by or under the authority of a state or a political subdivision of a state which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

The term "produce" includes alter, authenticate, or assemble. A defendant may be convicted of identity fraud even if the defendant did not produce the identification

document herself, but instead caused an innocent third party to produce an identification document.

See United States v. Rashwan, 328 F.3d 160, 165 (4th Cir. 2003).

AID AND ABET

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that someone else committed the charged crime; and

Second, that defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to make it succeed.

Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.02.

AGGRAVATED IDENTITY THEFT

The defendant is charged in [Count _____ of] the indictment with knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person during and in relation to the conspiracy to commit identity fraud and the commission of identity fraud alleged in Counts I and ____ of the indictment. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person; and,

Second, that the defendant transferred, possessed, or used the means of identification of another person during and in relation to the conspiracy to commit identity fraud alleged in Count I of the indictment and the identify fraud alleged in Count [II - VII] of the indictment.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number; (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation; (C) unique electronic identification number, address, or routing code; or (D) telecommunication identifying information or access device.

In order for you to find that the Defendant acted "during and in relation to" an offense, you must find that the unauthorized transfer, possession, or use of the means of identification facilitated or played a role in the offense. You may use the Court's definitions of these elements of the offenses alleged in Count I or Count ____ in considering whether the defendant's actions facilitated or played a role in Count I or Count ____, keeping in mind that this count charges transfer, possession, use of means of identification during and in relation to either the conspiracy alleged in Count I or the identity fraud/unlawful production of identification document alleged in Count ____. You need only find that the defendant engaged in an unauthorized transfer, possession or use of the means of identification during and in relation to one of the offenses specified, and not both, in order for you to find the defendant guilty.

While the government must prove that the defendant knew that she did not have lawful authority to use the means of identification in question, the government does not have to prove that the defendant knew that the means of identification belonged to an actual person.

See United States v. Mendoza-Gonzalez, 520 F.3d 912, 916 (8th Cir. 2008); United States v. Montejo, 442 F.3d 213, 217 (4th Cir. 2006); United States v. Godin, 489 F.Supp.2d 118, 119-20 (D.Me. 2007); United States v. Crounsset, 403 F.Supp.2d 475, 482 (E.D.Va. 2005).

CAUTION AS TO COOPERATING WITNESS/ACCOMPLICE

You have heard the testimony of Soraya Santiago, Jose Bueno and _________. Each of these individuals received a benefit for their cooperation. Ms. Santiago and Mr. Bueno participated in the conspiracy and provided evidence under agreements with the government. ______________ received money in exchange for his cooperation.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.08.