IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | Cr. No. 08-045ML |
| | ) | |
| DOLORES RODRIGUEZ LAFLAMME | ) | |

GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM

On July 3, 2008, the government filed a trial memorandum in which it briefed the elements of the charge of aggravated identity theft, 18 U.S.C. § 1028A. As explained in its trial memorandum, the government took the position that it could prove the defendant's guilt without proving that she knew that the identities she misused belonged to another person. See United States v. Godin, 489 F.Supp. 2d 118, 120-21 (D.Me. 2007); United States v. Mendoza-Gonzalez, 520 F.3d 912, 916 (8th Cir. 2008); United States v. Montejo, 442 F.3d 213, 217 (4th Cir. 2006). Since the government filed its brief, the First Circuit reversed the district court in Godin. See United States v. Godin, --- F.3d ---, 2008 WL 2780646 (1st Cir. July 18, 2008). The First Circuit noted the circuit split regarding the issue, and joined those circuits which hold that in the phrase "knowingly transfers, possesses, or uses, without lawful authority a means of identification of another person," the word "knowingly" extended to "of another person." See Godin, 2008 WL 2780646 at *1. That is, the government must prove that the defendant knew that the identities that she used without lawful authority were in fact the identities of other people.

In this case, the government will introduce evidence that proves that the

defendant not only used the means of identification of others without lawful authority, but that she knew that the means of identification belonged to other people. The facts in this case differ dramatically from those at issue in Godin, a case in which Defendant Godin used false social security numbers that just happened to belong another. In the case at hand, the defendant was part of a conspiracy that sold driver's licenses to real people for large sums of money. See, e.g., United States v. Hines, 472 F.3d 1038, 1040 (8th Cir. 2007) (recognizing that a defendant may be convicted if she used another person's means of identification with that person's permission, so long as the use was without lawful authority). The government will call at least one of these customers. Furthermore, as set forth in the fact section of the trial memorandum, Defendant LaFlamme attempted to retrieve two of the fraudulent licenses from the Enforcement Section of the DMV, claiming to know the licensees. Thus, in this case, there is both direct and circumstantial evidence proving the defendant's knowledge.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY
/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000/ Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008, a copy of the within "Government's Supplemental Trial Memorandum" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Arthur Chatfield
236 Broadway
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov